## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

**COVINGTON SPECIALTY**                                                    **PLAINTIFF**
**INSURANCE COMPANY,**

**V.**                                                                    **NO: 3:18CV222-M-S**

**CROFT PACKAGE STORE, LLC, a**
**Mississippi limited liability company,**
**CHARLES CROFT a/k/a DALE CROFT,**
**and FELICIA JOHNSON, as**                                              **DEFENDANT**
**Administratrix of the Estate of**
**DAVID BURK, deceased**

**AND**

**ESURANCE INSURANCE COMPANY**                                          **INTERVENOR**


## ORDER GRANTING ESURANCE INSURANCE COMPANY'S
## MOTION FOR SUMMARY JUDGMENT

CAME ON FOR CONSIDERATION, Esurance Insurance Company's unopposed

Motion for Summary Judgment, this Court having reviewed and considered the premises of

same, along with the ruling from the underlying state court action, and having been advised that

there are no objections from parties which have appeared in this action, finds as follows:


## FINDINGS OF FACT

This case arises from an August 19, 2017, bicycle/automobile accident in Pontotoc

County, Mississippi.   At the time of the accident, Charles "Dale" Croft ("Croft") struck the

bicycle operated by David N. Burk ("Burk"), resulting in Burk's death.   The August 19, 2017,

accident occurred just outside of the city limits of Pontotoc, Mississippi.   Burk was declared

dead at the accident scene due to head trauma. At the time of the accident, it is alleged that Croft was a part-time employee of CPS in Pontotoc, Mississippi. In the underlying state court action, Burk's estate has made claims against Croft Package Store, LLC ("CPS") on the assertions that CPS is vicariously liable for the actions of Dale Croft since Croft was alleged to be an employee of CPS. However, the Burk estate has now settled all claims against Croft, with all such claims in the underlying state court action now having been dismissed with prejudice.

Esurance issued a personal auto liability policy to Croft, as the named insured, bearing policy number PAMS-007237573, on a six month policy term, with an effective date of July 1, 2017, and an expiration date of January 1, 2018. Esurance's liability policy potentially provided coverage for CPS, but only under the limited circumstance of a valid *respondeat superior* claim being made against CPS based on the actions of Croft. Although this claim was originally made in the underlying state court action, same has now be extinguished by way of settlement with Burk and a corresponding ruling by the Circuit Court of Pontotoc County, Mississippi, granting summary judgment to CPS as to any and all *respondeat superior* claims.

## CONCLUSIONS OF LAW

Summary judgment should be granted if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 317, 322.

A *respondeat superior* claim against an employer "is a derivative claim arising solely out of the negligent conduct of its employee acting within the scope of employment, and thus, the vicarious liability claim itself is extinguished when the solely negligent employee is released.*" 27 Am. Jur. 2d Employment Relationship §368.* The Mississippi Supreme Court has held that "[w]here a party's suit against an employer is based on *respondeat superior*, the vicarious liability claim itself is extinguished when the solely negligent employee is released. There can be no assessment of damages against an employer when no action can be brought against the only negligent party - the employee." *J&J Timber Co. v. Broome*, 932 So. 2d 1, 6 (Miss. 2006). The following constitutes the general rule: "A plaintiff may not release either an employee or employer from any claim, and then pursue the same claim against the unreleased employee or employer." *Sykes v. Home Health Care Affiliates, Inc.*, 125 So. 3d 107, 109-110 (¶8) (Miss. Ct. App. 2013)(citing *J&J Timber Co. v. Broome*, 932, So. 2d 1, 6(¶20) (Miss. 2006)).

With all *respondeat superior* claims against CPS now having been extinguished, Esurance's policy no longer affords coverage to CPS, nor the possibility of same. CPS was only an insured under Esurance's Personal Auto Liability policy with respect to legal responsibility for acts or omissions of Croft. Since those potential legal responsibilities are no longer an issue, Esurance's duty to defend and indemnify CPS should be extinguished.

IT IS THEREFORE, ORDERED AND ADJUDGED, that all relief sought in Esurance Insurance Company's Motion for Summary Judgment is hereby **GRANTED**. As a result hereof, Esurance's duty to defend and/or indemnify Croft Package Store, LLC, is hereby discharged and extinguished. Esurance Insurance Company is hereby dismissed from further involvement in this action.

**SO ORDERED AND ADJUDGED**, this the 20th day of February, 2020.


/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**